IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN E. BREDTHAUER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3132 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GILBERT G. LUNDSTROM, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RONALD A. LAIRD, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3139 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GILBERT G. LUNDSTROM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiffs' motion to consolidate and appoint interim co-lead and liaison counsel (Filing No. 39 in case 4:10CV3132; Filing No. 37 in case 4:10CV3139). The plaintiffs filed a brief and an index of evidence, in each case, in support of the motion. The plaintiffs represent the defendants who had appeared at the time of filing the motion did not oppose consolidation. No opposition to the motion was later filed.

The above-captioned cases allege breaches of fiduciary duties by fiduciaries of the TierOne Bank Savings Plan and the TierOne Corporation Employee Stock Ownership Plan, in violation of the Employee Retirement Income Security Act of 1974 (ERISA). The plaintiffs argue these actions involve common questions of law and fact. **See** Fed. R. Civ. P. 42(a). The court has reviewed the filings in both cases and it appears the cases may be consolidated, pursuant to Fed. R. Civ. P. 42(a), as both cases arise out of the same set of facts and are subject to the same legal standards. **See** *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998). Additionally, the appointment of Interim Co-Lead Counsel and

Liaison Counsel is appropriate and consistent with the recommendations of Fed. R. Civ. P. 23(g). Upon consideration,

**IT IS ORDERED:**

1. The plaintiffs' motion to consolidate and appoint interim co-lead and liaison counsel (Filing No. 39 in case 4:10CV3132; Filing No. 37 in case 4:10CV3139) is granted as set forth herein.

2. ***Susan E. Bredthauer v. Gilbert G. Lundstrom, et al.,*** 4:10CV3132, and ***Ronald A. Laird v. Gilbert G. Lundstrom, et al.,*** 4:10CV3139 are hereby consolidated for all purposes.

3. Counsel shall conduct discovery as if these consolidated cases are part of a single case. All future filings shall contain the consolidated case caption, which appears on this order, and shall be served on counsel in both cases as described below.

4. Case No. 4:10CV3132 is hereby designated as the "Lead Case." Case No. 4:10CV3139 is hereby designated as the "Member Case."

5. The court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, the parties are instructed to file all further documents (except those described in paragraph 6) in the Lead Case, No. 4:10CV3132, and to select the option "yes" in response to the System's question whether to spread the text.

6. Unless otherwise ordered, the parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; or to file items related to service of process.

7. If a party believes that an item in addition to those described in paragraph 6 should not be filed in all the consolidated cases, the party must move for permission to file the item in one or more member cases. The motion must be filed in all the consolidated cases using the spread text feature.

8. When a case that arises out of the same operative facts as these consolidated cases and alleges claims under ERISA is hereinafter filed in or transferred to this Court, counsel is under a duty, pursuant to NEGenR 1.4(a)(4), to notify the Court

2

that the case is or may be related to these consolidated cases. After appropriate motion or notice to the parties in all cases, the Court may consolidate the later filed or transferred case with the above captioned cases.

9. The Court designates Faruqi & Faruqi LLP and Squitieri & Fearon LLP to act as Interim Co-Lead Counsel and Kinsey Rowe Becker & Kistler LLP as Interim Liaison Counsel for the plaintiffs in the consolidated cases, with the responsibilities hereinafter described.

Interim Co-Lead Counsel shall have the authority over the following matters on behalf of all plaintiffs in the Consolidated Action:

a) directing, coordinating, and supervising the prosecution of plaintiffs' claims in the Consolidated Action;

b) appointing working committees (e.g., "Discovery Committee") of plaintiffs' counsel who will (1) assist in the conduct of the litigation, and (2) consult with the Interim Co-Lead Counsel on all litigation matters and the performance of such work assignments as are delegated to them by Interim Co-Lead Counsel;

c) retaining experts;

d) communicating with the Court;

e) communicating with defense counsel;

f) conducting settlement negotiations;

g) collecting and reviewing time and expense records from all plaintiffs' counsel;

h) maintaining communication and promoting efficient and harmonious dealings among all plaintiffs' counsel; and

i) coordinating activities to avoid duplication and inefficiency in the filing, serving and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and, generally, in the litigation.

No motion shall be initiated or filed on behalf of any plaintiff in the Consolidated Action except through the Interim Co-Lead Counsel, and no work shall be performed by

any other plaintiffs' counsel except at the express direction of the Interim Co-Lead Counsel.

Service of pleadings and other papers by defendants shall be made in accordance with the federal and local rules governing such service on all counsel of record.  All plaintiffs' counsel shall keep contemporaneous time and expense records and shall provide such records upon request to Interim Co-Lead Counsel.

Co-Lead Counsel is appointed Interim Co-Lead Counsel for the putative plaintiff class(es) pursuant to Rule 23(g) of the Federal Rules of Civil Procedure in the above-captioned cases.

10. The plaintiffs shall file a Consolidated Complaint with the Court **on or before October 1, 2010**. The Consolidated Complaint shall be filed using the spread text feature as described above.  The Consolidated Complaint shall be the operative complaint and shall supersede all complaints filed in any of the actions consolidated herein.  Pending filing and service of the Consolidated Complaint, the defendants have no obligation to move, answer, or otherwise respond to any of the complaints in the above-captioned actions herein or any actions subsequently consolidated with them.

11. The defendants shall have to **on or before November 15, 2010**, to file a Consolidated Answer, by using the spread text feature, or otherwise respond to the Consolidated Complaint.  The plaintiffs shall have to **on or before December 15, 2010**, to respond to any motion to dismiss the Consolidated Complaint.  The defendants reply may be filed **on or before January 5, 2011**.

DATED this 2nd day of September, 2010.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge