# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN E. BREDTHAUER, et al., | Case No. 4:10-cv-3132 |
| Plaintiffs, | |
| v. | |
| GILBERT G. LUNDSTROM, et al., | |
| Defendants. | |
| and | |
| RONALD A. LAIRD, et al., | Case No. 4:10-cv-3139 |
| Plaintiffs, | |
| v. | |
| GILBERT G. LUNDSTROM, et al. | |
| Defendants. | |
| and | |
| SUSAN BARKER, | Case No. 8:10-cv-326 |
| Plaintiff, | |
| v. | |
| SAMUEL P. BAIRD, et al. | |
| Defendants. | |

**BRIEF IN SUPPORT OF
MOTION TO DISMISS OF GALE FURNAS**

## I.    INTRODUCTION

Under Fed. R. Civ. P. 4(*l*)(1), proof of service must be made to the court unless service is waived. Under NeCivR 5.4 a certificate of service must be filed with the Court. Defendant Gale Furnas ("Furnas") did not waive service, and no proof of service was filed with the Court.[1]  Accordingly, for the additional reasons stated herein, the present action should be dismissed as against Furnas.[2]

## II.   STANDARD OF REVIEW

Under Rule 4 of the Federal Rules of Civil Procedure, the purpose of service of process is to make sure that the defendant receives notice of the commencement of an action against him. *See Hanna v. Plumer*, 380 U.S. 460, 462 at n.1 (1965).  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987).  Under Rules 12(b)(4) and 12(b)(5), a "defendant may object to plaintiff's failure to comply with the procedural requirements for proper service set forth in or incorporated by Rule 4." *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475, 477 (D. Kan. 1994) (quoting 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1353 (2d ed. 1990)).[3]

A defendant may move to dismiss the complaint under Rule 12(b)(5) if the plaintiff does not properly effect service. *Hiska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003).  When considering a motion to dismiss for insufficient service of process under

---

[1] A court may take judicial notice of judicial opinions and public records without converting a motion made under Rule 12 into a motion for summary judgment. *See Stutzka v. McCarville*, 420 F.3d 757, 761, n. 2 (8th Cir. 2005); *Henson v. CSC Credit Serv's.*, 29 F.3d 280, 284 (7th Cir. 1994) (citations omitted)
[2] Furnas has joined in a concurrently filed omnibus motion to dismiss all claims against all defendants, and this motion simply provides an independent grounds for dismissing Furnas from the action.
[3] Courts recognize that the mere filing of a notice of appearance by a party's attorney does not waive service of process objections.  *See e.g. Grajczyk v. Tasca*, 717 N.W.2d 624 (S.D. 2006) (citing *Public Gas Co. v. Weatherhead Co.*, 409 So.2d 1026, 1027 (Fla. 1982)).

2

Federal Rule of Civil Procedure 12(b)(5), the plaintiff bears the burden of persuading the Court that service of process was validly made. *Grand Entm't Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). The court may dismiss the action for failure to properly serve the defendant when the plaintiff does not meet this burden. *See Lasky v. Lansford*, 76 Fed.Appx. 240, 240-41 (10th Cir. 2003) (unpublished).

### III.    ARGUMENT

Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 120 days after the complaint is filed dismissal is proper." Three class actions have been filed with the Court: (1) *Bredthauer, et al. v. Lundstrom, et al.,* Case No.  4:10-cv-3132; (2) *Laird, et al. v. Lundstrom, et al.,* Case No. 4:10-cv-3139; and *Barker v. Baird et al.,* Case No. 8:10-cv-326.  Mr. Furnas was named as a defendant in *Bredthauer,* but he was not named as a defendant in the other two class actions. Recently, these class actions were consolidated, and a consolidated class action complaint was filed on October 1, 2010. (Case No. 4:10-cv-3132, Doc. No. 57). As the record shows, Mr. Furnas was not properly served within the time period required by Fed. R. Civ. P. 4(m) in *Bredthauer* nor was he properly served in the consolidated class action. Therefore, dismissal of the action is proper under Fed. R. Civ. P. 4(m).

The complaint in *Bredthauer* was filed July 7, 2010. (Doc. No. 1).  A summons for Mr. Furnas was issued on July 12, 2010. (Doc. No. 7). On July 22, 2010, summons were executed on fourteen (14) of the defendants (Doc. Nos. 13-26), but no summons was executed on Mr. Furnas. As the record in this case clearly shows, Mr. Furnas was not served within 120 days after the *Bredthauer* complaint was filed on July 7, 2010.

**IV.   CONCLUSION**

Defendant Gale Furnas respectfully requests that this Court enter an Order dismissing him from the above-captioned proceeding and for such other, further, and different relief as this Court deems just and equitable.

DATED this 15th day of November, 2010

                                      GALE FURNAS, Defendant.

By: *s/David A. Yudelson*
   Gregory C. Scaglione, #19368
   David A. Yudelson, #23257
   KOLEY JESSEN P.C., L.L.O.
   One Pacific Place, Suite 800
   1125 South 103rd Street
   Omaha, NE  68124-1079
   (402) 390 9500
   (402) 390 9005 (facsimile)
   Greg.Scaglione@koleyjessen.com
   David.Yudelson@koleyjessen.com

Attorneys for Defendant..

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of November 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

| | |
|---|---|
| James K. McCall<br>Douglas A. Sondgeroth<br>James L. Thompson<br>Chelsea Warren<br>JENNER, BLOCK LAW FIRM – CHICAGO<br>353 North Clark<br>Chicago, IL  60654 | Kathryn E. Jones<br>Thomas J. Kenny<br>Edward G. Warin<br>KUTAK, ROCK LAW FIRM – OMAHA<br>1650 Farnam Street<br>Omaha, NE  68102-2186 |
| Patrick E. Brookhouser, Jr.<br>Mark F. Enenbach<br>MCGRATH, NORTH LAW FIRM<br>1601 Dodge Street<br>Suite 3700, First National Tower<br>Omaha, NE  68102-1627 | Mark B. Blocker<br>Bruce Braverman<br>Joel S. Feldman<br>Gary J. McGinnis<br>SIDLEY, AUSTIN LAW FIRM – ILLINOIS<br>One South Dearborn Street<br>Chicago, IL  60603 |
| Stephen J. Fearon, Jr.<br>Olga A. Posmyk<br>Joseph Goljan<br>SQUITIERI, FEARON LAW FIRM<br>32 East 5th Street, 12th Floor<br>New York, NY  10022 | Richard L. Rice<br>Matthew T. Watson<br>CROSBY, GUENZEL LAW FIRM<br>124 South 13th Street<br>Suite 400<br>Lincoln, NE  68508 |
| Robert H. Berkshire<br>Angela M. Boyer<br>BERKSHIRE, BURMEISTER LAW FIRM<br>1301 South 75th Street<br>Suite 100<br>Omaha, NE  68124 | William C. O'Neil<br>Timothy J. Rivelli<br>WINSTON, STRAWN LAW FIRM – CHICAGO<br>35 West Wacker Drive<br>Chicago, IL  60601 |
| Edward W. Ciolko<br>Mark K. Gyandoh<br>Joseph H. Meltzer<br>Joseph A. Weeden<br>BARROWAY, TOPAZ LAW FIRM<br>280 King of Prussia Road<br>Radnor, PA  19087 | David W. Rowe<br>KINSEY ROWE BECKER & KISTLER, LLP<br>P.O. Box 85778, Suite 601<br>121 South 13th Street<br>Lincoln, NE  68501 |

| | |
|---|---|
| Matthew A. Lathrop | Jacob A. Goldberg |
| LATHROP LAW FIRM | Sandra G. Smith |
| 2215 Harney Street | FARUQI & GARUQI, LLP |
| Suite 200, The Accurate Building | 101 Greenwood Avenue, Suite 600 |
| Omaha, NE  68102 | Jenkintown, PA  19046 |

I further certify that on the 15th day of November 2010, a copy of the foregoing document was mailed by first-class, U.S. mail, postage prepaid to the following non-CM/ECF participant:

Patricia Young
962 N. Lakeshore Drive
Lincoln, NE  68528

*s/David A. Yudelson*
David A. Yudelson

553836.1