# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN E. BREDTHAUER, et al., | Case No. 4:10CV3132 |
| Plaintiffs, | |
| v. | |
| GILBERT G. LUNDSTROM, et al., | |
| Defendants. | |
| and | |
| RONALD A. LAIRD, et al., | Case No. 4:10CV3139 |
| Plaintiffs, | |
| v. | |
| GILBERT G. LUNDSTROM, et al., | |
| Defendants. | |
| and | |
| SUSAN BARKER, | Case No. 8:10CV326 |
| Plaintiff, | |
| v. | |
| SAMUEL P. BAIRD, et al., | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANT PATRICIA YOUNG'S
MOTION FOR SUMMARY JUDGMENT**

I.      INTRODUCTION

Defendant Patricia Young requests that the Court grant her motion because there is no factual dispute that Young was <u>not</u> employed by TierOne during the Class Period identified in the Consolidated Class Action Complaint. (Doc. No. 57). The Class Period is identified as December 31, 2006, to present. (Doc. No. 57, ¶ 1). Because Young was not employed by TierOne during the Class Period, she was not a trustee of the 401(k) Savings Plan or ESOP during the identified Class Period, as improperly alleged in the Consolidated Amended Complaint. (Doc. No. 57, ¶¶ 1, 87(h)). Accordingly, Young's Motion for Summary Judgment should be granted.

II.     STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      The Complaint identifies the Class Period as December 31, 2006, through present. (Doc. No. 57, ¶ 1).

2.      The Complaint alleges that TierOne Stock was an imprudent investment <u>during the Class Period</u>. (Doc. No. 57, ¶¶ 178, 303) (emphasis added).

3.      Patricia Young began working for First Federal, which later became known by the name TierOne, in 1958. (Evidence Index, Exhibit A, ¶ 2).

4.      Young worked for TierOne in a variety of capacities, most recently as the Director of Marketing. (Evidence Index, Exhibit A, ¶¶ 3-6).

5.      In 2004, Young reached retirement age and retired from TierOne on August 31, 2004. (Evidence Index, Exhibit A, ¶¶ 7-8).

6.      Young has had no involvement with the operations of management of TierOne since August 31, 2004. (Evidence Index, Exhibit A, ¶ 10).

**III.   STANDARD OF REVIEW**

Summary judgment is appropriate if, viewing the evidence favorably to the nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Baum v. Helget Gas Prods., Inc.,* 440 F.3d 1019, 1022 (8th Cir. 2006); *see also Wells Fargo Financial Leasing, Inc. v. LMT Fette, Inc.*, 382 F.3d 852, 855 (8th Cir. 2004).  A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).  Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and demonstrate specific facts showing that there is a genuine issue for trial.  *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553.

**IV.   ARGUMENT**

Federal Rule of Civil Procedure 56(c) mandates entry of summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id; see also Siemers v. Severance Pay Plan of Conoco, Inc.*, 940 F.Supp. 235, 237 (D. Neb. 1996). Young is entitled to summary judgment because there is no genuine issue of material fact that (1) Young was not a trustee of the 401(k) Savings Plan or ESOP during the identified Class Period; and (2) Young was not involved with the management or operations of TierOne

during the Class Period because she retired from TierOne on August 31, 2004.

Although the Complaint alleges that during the Class Period Young, among others, "had discretionary power to administer and carry out the provisions of the Savings Plan," this is clearly not the case because Young retired from TierOne on August 31, 2004, and therefore did not have any authority over the Savings Plan during the identified Class Period. (Doc. No. 57, ¶ 88); (Evidence Index, Exhibit A, ¶ 8). Moreover, after her retirement, Young had no involvement with TierOne other than the occasional social calls with former co-workers with whom she remained friendly. (Evidence Index, Exhibit A, ¶ 10). Because the Plaintiffs will have no facts to show Young exercised any discretionary authority over the Plan or ESOP during the identified Class Period, the Plaintiffs will be unable to bear their burden of proof. Therefore, Young's Motion for Summary Judgment should be granted.

**V.     CONCLUSION**

WHEREFORE, Defendant Patricia Young respectfully requests that this Court enter an Order granting her Motion for Summary Judgment and for such other, further, and different relief as this Court deems just and equitable.

DATED this 15th day of November 2010.

                                 PATRICIA YOUNG, Defendant,

                                 By: *s/David A. Yudelson*
                                    Gregory C. Scaglione, #19368
                                    David A. Yudelson, #23257
                                    Patrice D. Ott, #24435
                                    KOLEY JESSEN P.C., L.L.O.
                                    One Pacific Place, Suite 800
                                    1125 South 103rd Street
                                    Omaha, NE  68124-1079
                                    (402) 390-9500
                                    (402) 390-9005 (facsimile)
                                    Greg.Scaglione@koleyjessen.com
                                    David.Yudelson@koleyjessen.com
                                    Patrice.Ott@koleyjessen.com

Attorneys for Defendant Patricia Young.

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that on the 15th day of November 2010, I electronically filed the foregoing Brief in Support of Defendant Patricia Young's Motion for Summary Judgment with the Clerk of the Court by using the CM/ECF system which sent notification of such filing to all CM/ECF participants.

James K. McCall
Douglas A. Sondgeroth
James L. Thompson
Chelsea Warren
JENNER, BLOCK LAW FIRM – CHICAGO
353 North Clark
Chicago, IL  60654

Patrick E. Brookhouser, Jr.
Mark F. Enenbach
MCGRATH, NORTH LAW FIRM
1601 Dodge Street
Suite 3700, First National Tower
Omaha, NE  68102-1627

Stephen J. Fearon, Jr.
Olga A. Posmyk
Joseph Goljan
SQUITIERI, FEARON LAW FIRM
32 East 5th Street, 12th Floor
New York, NY  10022

Robert H. Berkshire
Angela M. Boyer
BERKSHIRE, BURMEISTER LAW FIRM
1301 South 75th Street
Suite 100
Omaha, NE  68124

Edward W. Ciolko
Mark K. Gyandoh
Joseph H. Meltzer
Joseph A. Weeden
BARROWAY, TOPAZ LAW FIRM
280 King of Prussia Road
Radnor, PA  19087

Kathryn E. Jones
Thomas J. Kenny
Edward G. Warin
KUTAK, ROCK LAW FIRM – OMAHA
1650 Farnam Street
Omaha, NE  68102-2186

Mark B. Blocker
Bruce Braverman
Joel S. Feldman
Gary J. McGinnis
SIDLEY, AUSTIN LAW FIRM – ILLINOIS
One South Dearborn Street
Chicago, IL  60603

Richard L. Rice
Matthew T. Watson
CROSBY, GUENZEL LAW FIRM
124 South 13th Street
Suite 400
Lincoln, NE  68508

William C. O'Neil
Timothy J. Rivelli
WINSTON, STRAWN LAW FIRM – CHICAGO
35 West Wacker Drive
Chicago, IL  60601

David W. Rowe
KINSEY ROWE BECKER & KISTLER, LLP
P.O. Box 85778, Suite 601
121 South 13th Street
Lincoln, NE  68501

<div style="display:flex">
<div>
Matthew A. Lathrop<br>
LATHROP LAW FIRM<br>
2215 Harney Street<br>
Suite 200, The Accurate Building<br>
Omaha, NE  68102
</div>
<div>
Jacob A. Goldberg<br>
Sandra G. Smith<br>
FARUQI & GARUQI, LLP<br>
101 Greenwood Avenue, Suite 600<br>
Jenkintown, PA  19046
</div>
</div>

I further certify that on the 15th day of November 2010, a copy of the foregoing document was mailed by first-class, U.S. mail, postage prepaid to the following non-CM/ECF participant:

Patricia Young
962 N. Lakeshore Drive
Lincoln, NE  68528

*s/David A. Yudelson*
David A. Yudelson

553839.1