# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SUSAN E. BREDTHAUER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 4:10CV3132 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GILBERT G. LUNDSTROM, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RONALD A. LAIRD, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 4:10CV3139 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| GILBERT G. LUNDSTROM, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SUSAN BARKER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | 8:10CV326 |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| SAMUEL P. BAIRD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the plaintiffs' Motion to Take Depositions (Filing No. 167, in case 4:10CV3132). The plaintiffs filed an index of evidence (Filing No. 168) in support of the motion. The defendant Delaware Charter Guarantee & Trust Company (Delaware Charter), d/b/a Principal Trust Company, filed a brief (Filing No. 169) and an index of evidence (Filing No. 170) in opposition to the plaintiffs' motion. The defendants Samuel P. Baird, Charles W. Hoskins, James E. McClurg, Campbell R. McConnell, James

W. Strand, Sherry Furnas, Roger Ludemann, Gilbert G. Lundstrom, Paula Luther, Larry Pfeil, Eugene B. Witkowicz, Patricia Young, James A. Laphen, Joyce Person Pocras, and Ann Lindley Spence (collectively the individual defendants) filed an Objection to Plaintiffs' Motion for Leave (Filing No. 171).  The plaintiffs did not file a reply.

The plaintiffs prefer to proceed with unlimited discovery at this time.  However, under the unique circumstances of the case, the plaintiffs now seek leave to begin depositions with six of the defendants in the next sixty to ninety days.  **See** Filing No. 167 - Motion p. 3.  The plaintiffs note this case was initially filed on July 7, 2010, alleging ERISA violations, and two of the named defendants have passed away.  Based in part on this information, the plaintiffs suggest the passage of time will lead to the loss of necessary relevant evidence.  *Id.* at 2-3.  Despite the existence of four pending motions to dismiss, the plaintiffs contend their claims are "incredibly strong on the merits" and no justification exists for further delay.  *Id.* at 3.

The defendants oppose taking any depositions.  Delaware Charter contends depositions are premature until after the court resolves the fully briefed motion to dismiss the claims against it.  **See** Filing No. 169 - Response p. 2 (referencing motion to dismiss at Filing No. 111).  Specifically, Delaware Charter argues it would suffer undue prejudice because of the expense related to attending depositions given the factual and legal uncertainty surrounding the claims against it.  *Id.* at 2-3.  The individual defendants argue costly depositions are premature because the plaintiffs failed to take full advantage of other available discovery.  **See** Filing No. 171 - Response p. 2.  Additionally, the individual defendants' motions to dismiss are pending.  *Id.* (referencing motions to dismiss at Filing Nos. 115, 117, and 120).  Finally, these defendants argue no material change in circumstances justify altering the court's January 20, 2012, Order specifying that despite the commencement of written discovery, no depositions could be scheduled.  *Id.* (referencing Filing No. 138).

## ANALYSIS

The plaintiffs' motion requesting leave to take depositions is essentially a motion to lift a stay of discovery depositions already imposed by this court.  The court has discretion

to limit the scope and sequence of discovery.  **See** *Credit Lyonnais v. SGC Int'l, Inc.*, 160 F.3d 428, 431 (8th Cir. 1998). Similarly, the power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); **see** *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court under *Landis*."); *Capitol Indem. Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000).  Similarly, it is a "settled proposition that a court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Farouki v. Petra Int'l. Banking, Corp.*, 683 F. Supp. 2d 23, 26 (D. D.C. 2010) (citations and quotations omitted).  Furthermore, "[d]iscovery is considered inappropriate . . . while a motion that would be dispositive of the claims . . . is pending." *Geiser v. Simplicity, Inc.*, No. 5:10-CV-21, 2011 WL 128776, at *4 (D. W. Va. Jan. 14, 2011) (Slip Copy).  In determining whether lifting a stay is appropriate, the court will consider factors such as the economy of judicial resources and balancing the potential prejudice, hardship, and inequity to the parties.  **See** *Benge v. Eli Lilly & Co.*, 553 F. Supp. 2d 1049, 1050 (N.D. Ind. 2008); **see also** *Nken v. Holder*, 556 U.S. 418, 434 (2009) (noting the court may consider the public interest and the parties' likelihood of success on the case's merits).  The plaintiffs, who are requesting relief from the current stay on deposition discovery, bear the burden of showing justification for relief from the prior order.  *Id.*; **see also** Fed. R. Civ. P. 16(b)(4) (noting good cause showing required for modification of a scheduling order); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

The court finds the plaintiffs failed to meet their burden.  The plaintiffs fail to show they will likely suffer prejudice by delaying deposition discovery until the dispositive motions are resolved.  The motions are now fully briefed.  Discovery is not necessary for resolution of those motions.  The continued period of the stay will likely be short compared with the burden related to the potentially unnecessary discovery.  The plaintiffs fail to substantiate their need for depositions at this time, particularly since the court has allowed them to proceed with written discovery.  The court has considered all relevant factors and finds the

balance weighs against proceeding with depositions of the defendants at this time.  Under these circumstances, the court finds the stay of deposition discovery best serves the interests of the parties and the court.  Upon consideration,

**IT IS ORDERED**:

1.      The plaintiffs' Motion to Take Depositions (Filing No. 167, in case 4:10CV3132) is denied.

2.      The individual defendants' Objection to Plaintiffs' Motion for Leave (Filing No. 171, in case 4:10CV3132) is sustained.

3.      The parties shall have **ten (10) days** from the date the court rules on the pending motions to dismiss, in which to schedule a telephone planning conference with the court.  Counsel for the plaintiffs shall contact the chambers of the undersigned magistrate judge within such time period to schedule the telephone planning conference.

DATED this 12th day of June, 2012.

BY THE COURT:

 s/ Thomas D. Thalken
United States Magistrate Judge