IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SUSAN E. BREDTHAUER, Individually and On Behalf of All Others Similarly Situated; and JOHN F DEAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GILBERT G. LUNDSTROM, et al.,<br><br>　　　　Defendants. | 4:10CV3132 |
| RONALD A. LAIRD, individually and on behalf of all others similarly situated; DEBORAH AYCOCK, LARRY KUBICK, JANIS MARYSKA, and JOHN F DEAN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>GILBERT G. LUNDSTROM, et al.,<br><br>　　　　Defendants. | 4:10CV3139 |
| SUSAN BARKER, individually and on behalf of all others similarly situated, and JOHN F DEAN,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>SAMUEL P. BAIRD, et al.,<br><br>　　　　Defendants. | 8:10CV326 |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**

This matter is before the Court on the plaintiffs' unopposed motion for preliminary approval of settlement, conditional certification of settlement class, approval of class notice and to set a fairness hearing date, Filing No. 200.  These are three putative class

actions against certain officers and directors of TierOne Corporation, and various other defendants, for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), following the collapse of TierOne and the announcement on June 4, 2010, that the Office of Thrift Supervision ("OTS") seized the assets of TierOne and that the FDIC was named as receiver. This Court earlier consolidated these actions and appointed the appointed Faruqi & Faruqi, LLP and Squitieri & Fearon, LLP as Interim Co-Lead Counsel and Kinsey Rowe Becker & Kistler, LLP as Interim Liaison Counsel (collectively, "Class Counsel") to prosecute the Action on behalf of the putative class. See Filing No. 53, Consolidation Order.

The parties have now entered into a settlement of the claims asserted in this action as set forth in a Settlement Agreement dated September 25, 2012. *See* Filing No. 201, Index of Evidence ("Evid."), Exhibit ("Ex.") 1, Class Action Settlement Agreement (Doc # 201-1, Page ID # 3308-3407).

I. Law

    A. Certification of Class

The Court must first consider whether to conditionally certify a settlement class. *See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 620 (1997)*. Under the Federal Rules of Civil Procedure, "one or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see Amchem*

*Prods.*, 521 U.S. at 613 (1997) (describing requirements as (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation). The Court may disregard management issues in certifying a settlement class, but the proposed class must still satisfy the other requirements of Rule 23. *Id.* at 593. In addition, an action may be maintained as a class action if the "court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). "In order to obtain class certification, a plaintiff has the burden of showing that the class should be certified and that the requirements of Rule 23 are met." *Coleman v. Watt*, 40 F.3d 255, 258-59 (8th Cir. 1994).

A number of factors are relevant to the numerosity requirement of Rule 23(a), "the most obvious of which is, of course, the number of persons in the proposed class." *Paxton v. Union Nat. Bank*, 688 F.2d 552, 559 (8th Cir. 1982); *compare Tate v. Weyerhaeuser Co.*, 723 F.2d 598, 609 (8th Cir. 1983) (noting that seven to fourteen class members is not enough) *with Arthur Young & Co. v. Reves*, 937 F.2d 1310, 1323 (8th Cir. 1991) (finding that 1,685 potential plaintiffs was a sufficiently large number). In addition to the size of the class, the court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any other factor relevant to the practicability of joining all the putative class members. *Paxton*, 688 F.2d at 559-60; *Tate*, 723 F.2d at 609 (it is appropriate for the district court to consider "that trying the individual suits would not be inconvenient because it could examine the factual basis of" each class member's complaint).

The commonality element requires that questions of law or fact are common to the Class. Fed. R. Civ. P. 23(a)(2). The commonality requirement is satisfied if the claims of the class "depend upon a common contention" whose "truth or falsity will resolve an issue that is central to the validity" of each class member's claims. *Wal-mart v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Commonality is not required on every question raised in a class action. *DeBoer v. Mellon Mortgage Co.*, 64 F.3d 1171, 1174 (8th Cir. 1995). Rather, "Rule 23 is satisfied when the legal question 'linking the class members is substantially related to the resolution of the litigation.'" *Id.* (quoting *Paxton*, 688 F.2d at 561). In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries. See *Gruby v. Brady*, 838 F. Supp. 820, 828 (S.D.N.Y. 1993).

Typicality under Rule 23(a)(3) means "that there are 'other members of the class who have the same or similar grievances as the plaintiff.'" *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996) (quoting *Donaldson v. Pillsbury Co.*, 554 F.2d 825, 830 (8th Cir. 1977). The burden is fairly easily met so long as other class members have claims similar to the named plaintiff. *Id.* (noting that factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory).

The "adequacy of representation" inquiry focuses on whether the class representatives have common interests with the members of the class and whether they and their counsel will competently and vigorously pursue the lawsuit. *Paxton*, 688 F.2d at 562-63. The adequacy of representation requirement of Rule 23(a)(4) is of critical

4

importance in every class action. *Hervey v. City of Little Rock*, 787 F.2d 1223, 1230 (8th Cir. 1986). Rule 23's adequacy determination requires the court to consider: (a) whether the plaintiffs' interests may be antagonistic to the other members of the class; and (b) whether class counsel are qualified, experienced and able to conduct the litigation. *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000)).

If the requirements of numerosity, commonality, typicality, and adequacy are satisfied, a plaintiff must satisfy one of the three subsections of Rule 23(b). *In re St. Jude Medical, Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005).  In addition to the Rule 23(a) and (b) requirements, "[a]n order certifying a class action must define the class and the class claims, issues, or defenses, and must appoint class counsel under Rule 23(g)." Fed. R. Civ. P. 23(c)(1)(B). Class certification is sought in this case under Fed. R. Civ. P. 23(b)(1), which provides that a class may be certified if prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class, or adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests. Fed. R. Civ. P. 23(b)(1). Certifications under Rule 23(b)(1) are common in ERISA breach of fiduciary duty cases because defendants have engaged in "unitary treatment" of the individual members of the proposed class. *In re Global Crossing Secs. and ERISA Litig.*, 225 F.R.D. 436, 453 S.D.N.Y 2004); *see also* Fed. R. Civ. P. 23(b)(1)(B), advisory

committee's notes (1966 Amendment) (stating that certification under 23(b)(1) is appropriate in cases charging breach of trust by a fiduciary to a large class of beneficiaries).

### B. Preliminary Approval of Settlement Agreement

The Settlement Agreement is subject to review under Rule 23 of the Federal Rules of Civil Procedure. Approval of a class action settlement under Rule 23(e) is a two-step process: first, a "preliminary approval" order; and second, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness, reasonableness and adequacy of the proposed settlement, a "final approval" order or judgment will be entered. *See* Federal Judicial Center, *Manual for Complex Litigation* § 13.14 (4th ed. 2004). In considering preliminary approval, the court makes a preliminary evaluation of the fairness of the settlement, prior to notice. *Id.*, § 21.632 (2010). First, the court must make a preliminary determination of the fairness, reasonableness and adequacy of the settlement terms and must direct the preparation of notice of the proposed settlement and the date of the fairness hearing. *Id.* After an agreement is preliminarily approved, the second step of the process ensues: notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval. *Id.*

Under ERISA, any participant in or beneficiary of a plan may sue for breach of fiduciary duties, which action is, by statutory definition, brought "in a representative capacity on behalf of the plan as a whole." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 142 n.9 (1985); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 593 (8th Cir. 2009).

A district court is required to consider four factors in making a determination that a settlement is fair, reasonable, and adequate: (1) the merits of the plaintiff's case, weighed against the terms of the settlement; (2) the defendant's financial condition; (3) the complexity and expense of further litigation; and (4) the amount of opposition to the settlement. *In re Wireless Tel. Fed. Cost Recovery Fees Litig.,* 396 F.3d 922, 931 (8th Cir. 2005). A court may also consider procedural fairness to ensure the settlement is "not the product of fraud or collusion." *Id.* at 934. The experience and opinion of counsel on both sides may be considered, as well as whether a settlement resulted from arm's length negotiations, and whether a skilled mediator was involved. *See DeBoer,* 64 F.3d at 1178. A court may also consider the settlement's timing, including whether discovery proceeded to the point where all parties were fully aware of the merits. *See City P'ship Co. v. Atlantic Acquisition Ltd. P'ship*, 100 F.3d 1041, 1043 (1st Cir. 1996).

C. Notice

Rule 23 also provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Due process also requires reasonable notice to class members. *See Grunin v. International House of Pancakes,* 513 F.2d 114, 120 (8th Cir. 1975). Due process is satisfied where class members received notice of the settlement proposal and are able to argue their objections to the district court. *In re Wireless,* 396 F.3d at 931; *DeBoer,* 64 F.3d at 1176. In addition, notice of a motion for attorneys' fees must be served on all parties and directed to class members in a reasonable manner. Fed. R. Civ. P. 23(h)(1).

II. DISCUSSION

    A. Class Certification

The Court finds, preliminarily and for purposes of this settlement only, that the requirements of Rule 23 have been met and the Class should be certified. The proposed class consists of:

> All persons who were participants in or beneficiaries of the Savings Plan or the ESOP at any time during the Class Period, i.e., between December 31, 2006 and the Agreement Execution Date, and whose account included investments in TierOne common stock.

See Filing No. 201, Ex. 1, Settlement agreement at 2. All of the individual defendants and their immediate families are excluded from the class. *Id.* In addition, consistent with certification under Rule 23(b)(1), and pursuant to ¶3.2 of the Settlement Agreement, the parties have stipulated to a non opt-out Settlement Class for the purposes of settlement. *Id.* at 12.

The record shows that the number of class members is so numerous that joinder of all class members would be impracticable. In this case, according to the Plans' regulatory filings, approximately 1,800 persons participated in, or were beneficiaries of, the Plans during the Class Period. Consequently, the court finds sufficient numerosity exists in this case.

Further, the record shows there are questions of law and fact common to the Class in that the issues of the claims are whether false statements of material fact were made, whether the statements were made with the requisite state of mind, and determination of the proper measure of damages. All of the Class members were injured by the same alleged conduct. There are several common questions with respect to each member of the proposed class, including: (a) whether the defendants breached

8

their fiduciary duties by investing and offering investment in TierOne stock at a time when doing so was imprudent and by failing to sell TierOne stock when doing so was the only prudent course of action; (b) whether the Plan and the participants and beneficiaries were injured by such breaches; and (c) whether the class is entitled to damages and, if so, the proper measure of damages.

The parties have also shown that the class representatives' claims are typical of the claims of other members of the class. The class claims arise from the same conduct and give rise to the same theories of recovery. Each plaintiff participated in either or both of the Plans during the Class Period and had at least a portion of his or her retirement savings invested in TierOne Stock. All plaintiffs sustained the same type of injury described in the complaint due to the defendants' alleged breaches of their fiduciary duties and ERISA violations during the class period. Further, plaintiffs are entitled under ERISA to bring a claim for plan-wide relief. See 29 U.S.C. § 1109(a).

Also, the Court finds that the representative parties can fairly and adequately protect the interests of the class. The representatives' interests are congruent to those of the Class. The named plaintiffs have no interests antagonistic to those of the absent Class members. Where plaintiffs and class members all share the common goal of maximizing recovery, there is no conflict of interest between the class representatives and the other class members. The Court previously appointed Faruqi & Faruqi, LLP, and Squitieri & Fearon, LLP, as Interim Co-Lead Counsel and Kinsey Rowe Becker & Kistler, LLP, as Interim Liaison Counsel (collectively, "Class Counsel") and now finds they have the experience and resources to represent the Class fairly and adequately. The parties have shown that Class Counsel has extensive experience litigating complex

ERISA breach of fiduciary duty class actions both within this district and throughout the nation. Class Counsel serve as lead or co-lead counsel in numerous similar cases, many of which have been successfully resolved for the benefit of plan participants and retirees. The Court further finds that the questions of law and fact common to all the Class members predominate over any question affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Issues of liability are the same with respect to each class member in most ERISA cases. If every class member were to bring an individual action, each plaintiff would be required to demonstrate the same breaches of fiduciary duty to prove liability. The Court also finds that a class action is superior to other methods of adjudication in that absent a class action, the Court would be faced with numerous lawsuits. Also, the prosecution of costly litigation as individuals is not a realistic alternative for most class members and class members have little economic incentive to do so.

    B.  Settlement Agreement

The Court has reviewed the proposed Settlement Agreement, Filing No. 201, Index of Evid., Ex. 1. The parties have shown that the proposed settlement is the product of extensive litigation and arm's-length negotiations conducted by experienced counsel and mediated by a federal judge experienced in ERISA cases. See Filing No. 102, Mediation Reference Order. Further, the mediator has submitted an affidavit stating that he finds the settlement fair and reasonable. See Filing No. 201, Index of Evid., Ex. 2, Declaration of Layn R. Phillips. Counsel for the parties have shown that they negotiated the terms of a proposed settlement that maximizes the defendants'

financial contribution. In the settlement, defendants have agreed to pay $4,500,000 (the "Class Settlement Amount") to settle all claims in the action. The Class Settlement Amount will be placed into an interest-bearing account, for the benefit of the Plans' participants and beneficiaries and, after paying the approved attorneys' fees, expenses, case contribution awards, and other Costs of Settlement Administration associated with the Settlement, the Net Settlement Amount will be distributed to the Plans' participants and beneficiaries who are Class members and were damaged by the conduct alleged in the Action. See id., Ex. 1, Settlement Agreement (Doc # 201-1, Page ID # 3332-3334).. Also, the parties have shown the Net Settlement Amount (i.e., the Class Settlement Amount minus payment of the Costs of Settlement Administration, case contribution award, attorneys' fees, and costs) will be allocated among Class members pursuant to the Plan of Allocation attached to the Settlement Agreement. Id. Ex. 1, Settlement Agreement, Ex. B. In general terms, the Net Settlement Amount will be allocated to Class members on a pro rata basis such that the amount received by each Settlement Class member will depend on the relative amount that his or her calculated loss bears to the calculated loss of all Settlement Class members from the Plans' investments in TierOne stock. The Plan of Allocation will distribute the Net Settlement Amount equitably based upon each Class member's estimated loss, subject to a de minimus threshold of $25.00. The details of the Plan of Allocation and operation of the Minimum Amount are fully explained to Settlement Class members in the Class Notice. See id., Settlement Agreement, Ex. A, Notice Of Class Action Settlement, Settlement Fairness Hearing, and Motion for Attorneys' Fees and Reimbursement of Attorneys' Expenses and Case Contribution Award. The

11

Settlement Agreement provides that the amount of each distribution will be computed by the Settlement Administrator, Berdon Claims, LLC. Filing No. 201, Index of Evid., Ex. 1, Settlement Agreement at 31. Settlement Class members do not need to fill out any claim form or take any other action to receive a distribution from the Net Settlement Amount. *Id.*, Ex. A, Notice at 1, 10. The Settlement Agreement also provides for the appointment of an independent fiduciary. *Id.*, Settlement Agreement at 13-14.

The court finds the proposed settlement is in the best interests of the plaintiff class, based on the claims and defenses in this action, its procedural posture, the anticipated time and expense of protracted litigation, the risk of a substantially lower recovery, and the fact that TierOne is in bankruptcy. Considering the present value and time value of money, the probability of lengthy litigation in the absence of a settlement, the risk that the Class would not succeed in proving liability against the defendants, and the range of possible recovery at trial, the settlement appears, on preliminary review, to be within the range of reasonableness. Accordingly, the Court finds the Settlement Agreement should be submitted to class members for their consideration and a fairness hearing under Fed. R. Civ. P. 23(e), after which an order of final approval will issue.

C. Notice

The parties propose that Class Notice to be sent to all Class Members who can be identified from the Plan Record-keeper's records. Filing No. 201, Index of Evid., Settlement Agreement, Ex. A, Proposed Order at 5; Ex. A, Notice. The Settlement Agreement also requires that Class notice be posted on an Internet website maintained by the Settlement Administrator. *Id.*, Proposed Order at 6. The Court has reviewed the

proposed notice, and finds they are satisfactory. The notice satisfies the requirements of Rule 23(h)(1), as it notifies proposed class members that counsel for plaintiffs will apply to the Court for attorneys' fees and expenses, including an award of attorneys' fees of approximately 33% of the settlement amount and will seek reimbursement of litigation costs and expenses to be paid from the Settlement Fund.

The Notice sets forth the amount of the Settlement Fund, sets out the amount of fees requested, explains the nature and history of the litigation, and describes the plan of allocation. *See id.* It also sets out the parties' disagreement over damages and liability. *Id.* Further, the Notice includes detailed information on objecting to the class and provides the name and mailing addresses of the Claims Administrator and attorneys. *Id.* Finally, the Notice discloses the date, time and place of the final approval hearing, along with the procedures for commenting on the Settlement and includes the postal address for the Court, and the postal addresses and telephone numbers of Lead Counsel and counsel for all defendants. *Id.* The Court finds the Notice includes all of the information required under the Federal Rules.

The Settlement Agreement also requires plaintiffs' counsel to file an affidavit with the Court describing how notice of the Settlement was given to the Settlement Class and listing the names and addresses of all persons to whom individual Notice of the Settlement was mailed. Accordingly,

IT IS ORDERED:

1. The plaintiffs' unopposed motion for preliminary approval of settlement, conditional certification of settlement class, approval of class notice and to set a fairness hearing date (Filing No. 200) is granted.

2.	Pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, this action is hereby preliminarily and conditionally certified as a class action on behalf of:

> All persons who were participants in or beneficiaries of the Savings Plan or the ESOP at any time during the Class Period, i.e., between December 31, 2006 and the Agreement Execution Date, and whose account included investments in TierOne common stock.

3.	The Settlement Agreement (Filing No. 201, Ex. 1) is preliminarily approved and incorporated as if set forth fully herein.

4.	A Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) is scheduled on **February 28, 2013, at 1:00 p.m.** in Courtroom No. 3, Roman Hruska Federal Courthouse, 11 South 18th Plaza, Omaha, Nebraska.

5.	A Class Notice in substantially the form as that attached to the Settlement Agreement as Exhibit A (Doc #201-1, Page ID. # 3379-90) is approved as to form and content.

6.	On or before **November 30, 2012**, the plaintiffs shall cause the Class Notice, with any non-substantive modifications thereto as may be agreed upon by the Parties, to be distributed to each member of the Settlement class who can reasonably be identified and contacted at his or her last-known address as maintained by each Plan's Record-keeper or other third party with custody and control of the data. Class Counsel shall also establish follow up procedures for any returned mailings.

7.	On or before **November 30, 2012**, plaintiffs also shall cause the Class Notice to be published on the website identified in the Class Notice.

8.	On or before **December 31, 2012,** Class Counsel shall file with the Court proof of plaintiffs' timely compliance with the foregoing mailing and publication

requirements, identifying class members who cannot be located despite reasonable efforts.

9.  On or before **December 31, 2012**, the plaintiffs shall file a Motion for Final Approval of the Settlement and any papers in support of the Settlement; a Motion for Fees and Expenses and a Motion for a Case Contribution Award.

10. Any objections to the Settlement, the Fee and Expense Motion, or the Case Contribution Motion shall be filed on or before **January 29, 2013.**

11. Any response to objections shall be filed on or before **February 14, 2013**.

12. On or before **February 19, 2013**, defendants shall file with the Court proof of compliance with the notice provisions of the Class Action Fairness Act of 2005, as codified at 28 U.S.C. § 1715.

13. Pursuant to the Settlement Agreement, Nicholas Saakvitne is hereby appointed as Independent Fiduciary for the purpose of evaluating the Settlement to determine either that the Settlement is not a prohibited transaction pursuant to ERISA Section 406(a), or to authorize and approve the Settlement on behalf of the Plans in keeping with Prohibited Transaction Exemption 2003-39. Under the terms of the Settlement Agreement, the costs of the Independent Fiduciary shall be the responsibility of defendants.

Dated this 12th day of October, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge