IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

13 FEB 28 PM 4: 56

OFFICE OF THE CLERK

| | | |
|---|---|---|
| SUSAN E. BREDTHAUER, et al., | ) | 4:10CV3132 |
| Plaintiffs, | ) | |
| vs. | ) | |
| GILBERT G. LUNDSTROM, et al., | ) | |
| Defendants, | ) | |
| and | ) | |
| RONALD A. LAIRD, et al., | ) | 4:10CV3139 |
| Plaintiffs, | ) | |
| vs. | ) | |
| GILBERT G. LUNDSTROM, et al., | ) | |
| Defendants, | ) | |
| and | ) | |
| SUSAN BARKER, | ) | 8:10CV326 |
| Plaintiffs, | ) | |
| vs. | ) | |
| SAMUEL P. BAIRD, et al., | ) | |
| Defendants. | ) | |

## STIPULATION AND [PROPOSED] ORDER

NOW, this 28th day of February, 2013 (the "Effective Date"), Susan E. Bredthauer, John F. Dean, Ronald Laird, Deborah Aycock, Larry Kubick, Janis Maryska, and Susan Barker (together, "Named Plaintiffs" or "Plaintiffs"), participants in the TierOne Bank Savings Plan (the "Saving Plan") or the TierOne Corporation Employee Stock Ownership Plan (the "ESOP" and collectively with the Savings Plan, the "Plans"), and Rick D. Lange, Chapter 7 Bankruptcy Trustee of TierOne Corporation (the "Trustee," together with the Named Plaintiffs, the "Parties"), do hereby enter into this stipulation and agreement (the "Stipulation") as follows:

1

WHEREAS, Plaintiffs have reached an agreement with Defendants and Carriers (as defined in the Class Action Settlement dated September 25, 2012 (the "Settlement")) to settle this litigation (the "Action"), as preliminarily certified as a non-opt-out class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(1) for settlement purposes only;

WHEREAS, On October 12, 2012 this Court preliminarily found that the proposed Settlement of this class action was fair and reasonable, a conclusion also reached by the Court-appointed Independent Fiduciary;

WHEREAS, TierOne Corporation and TierOne Bank were each named administrator (as defined in section 3 of the Employee Retirement Income Security Act of 1974 ("ERISA")) of the ESOP, and, as a result, the Trustee is to perform the duties required of the administrator of the Plans to the extent set forth in 11 U.S.C. §704(a)(11) and has incurred fees and costs some of which he asserts may be chargeable to the ESOP and expects to incur costs in the future with regard to the administration or termination of the ESOP;

WHEREAS, the Trustee has filed a limited objection to the Settlement (Dkt. No. 213) (the "Objection");

WHEREAS, in the Objection the Trustee has not objected to the Settlement amount or the provision of fees to Class Counsel, but has instead objected for the limited reasons set forth in his Objection; and

WHEREAS the Parties wish to resolve the instant dispute in the interest of expediting the Final Approval of the Settlement by the Court.

NOW THEREFORE, for good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound, the Parties agree and stipulate that:

1. The Trustee acknowledges and does not object to the Final Approval of the Settlement for all purposes.

2. Plaintiffs state that they did not intend for Plaintiffs' Released Claims in Section 4.1.2 of the Settlement to include the litigation captioned *Lange v. Hoskins et al.*, Case No. CI12-2486 filed in District Court of Lancaster County, Nebraska and removed to this Court at Case No. 4:12-cv-03148-RGK-CRZ which is not released by virtue of the Settlement. Notwithstanding the foregoing, however, the Parties acknowledge that pursuant to releases the Plaintiffs and the Independent Fiduciary provided in the Settlement, any claims of the Trustee that the Trustee may seek to assert on behalf of the Plans or any participants in the Plans for alleged violations of ERISA against the Released Parties, including for any costs or expenses of the Trustee associated with the administration or termination of the ESOP, are released.

3. The Trustee shall continue to perform all necessary duties of the administrator of the ESOP required by 11 U.S.C. 704(a)(11), including but not limited to amending or terminating the ESOP. The Trustee shall, in good faith, consult with Class Counsel and keep Class Counsel informed of the status of the administration and termination of the ESOP and shall be responsive to their inquiries regarding the same.

4. The Trustee shall consult with Class Counsel before hiring any professionals regarding the administration or termination of the ESOP.

5. The Trustee shall provide Class Counsel with monthly updates on the progress of the administration, distribution and termination of the ESOP, including a breakdown of all expenses it incurs in pursuing its administrative responsibilities.

6. The fees and expenses incurred by the Trustee or any professionals or third parties hired by the Trustee of operating, administering, amending and/or terminating the ESOP (the

"Administration Fees"), may be paid by the ESOP from that portion of the Net Settlement Fund paid to the ESOP to the extent allowed by, without limitation, 29 U.S.C. §§ 1104(a)(1)(A) and 1103(c)(1) and other applicable law. Provided, however, the Trustee shall not pay any Administration Fees from that portion of the Net Settlement Fund paid to the ESOP without the approval of Class Counsel and the District Court.

7.  If the Trustee and Class Counsel disagree whether it is appropriate to pay any Administration Fees, or any part of Administration Fees (the "Challenged Administration Fees") from that portion of the Net Settlement Fund paid to the ESOP, the Trustee may file a motion with the District Court for a determination as to whether the Challenged Administration Fees should be from that portion of the Net Settlement Fund paid to the ESOP. If the District Court determines that the Challenged Administration Fees, or any part thereof, may not be paid from that portion of the Net Settlement Fund paid to the ESOP, then the Trustee may seek payment for such disallowed fees from Debtor's bankruptcy estate, subject to Bankruptcy Court approval if necessary.

8.  No costs or fees incurred by the Trustee for administration or termination of the ESOP which have been incurred prior to the date of this Stipulation shall be allocated or paid from the ESOP or, in particular, from that portion of the Net Settlement Fund paid to the ESOP and no such costs or fees shall be included in the Administration Fees.

9.  Except as otherwise agreed to by the Trustee and Class Counsel and as otherwise ordered by the District Court, as to the ESOP, the following Distribution Method shall be used to distribute the Net Settlement Amount to the Settlement Class Members:

    a.  Class Counsel shall direct the Financial Institution to deposit, and the Financial Institution shall deposit, the appropriate respective portion of the Net Settlement

Amount related to the ESOP to Delaware Charter Guarantee & Trust Company d/b/a Principal Trust Company, the trustee of the ESOP. At the same time, the Settlement Administrator shall provide the Recordkeeper with an electronic file in a format designated by the Recordkeeper containing the Final Dollar Recovery of each Settlement Class Member (the "Electronic File"). The Recordkeeper shall follow the instructions of the Trustee (in consultation with Class Counsel) pursuant to the terms of the ESOP and ERISA.

    b. <u>Settlement Class Members with Accounts Under the ESOP</u>. As soon as practicable after deposit of the Net Settlement Amount into the ESOP trust and determination and calculation of all allowed Administration Fees, the Recordkeeper shall take the Final Dollar Recovery Amounts shown in the Electronic File (less approved Administration Fees) and credit them to each Settlement Class Member's account in the ESOP and such amounts shall be treated thereafter for all purposes as properly credited to that Settlement Class Member's account in the ESOP. Until such accounts are credited, the Trustee shall, subject to consultation with Class Counsel or further court order, direct the Recordkeeper to invest and retain such amounts in a money market fund or similar fund in the ESOP trust until distribution and such amounts shall be treated thereafter for all purposes as assets of the ESOP.

    c. <u>Settlement Class Members Without Accounts Under the ESOP</u>. With respect to Settlement Class Members who withdrew their accounts under the ESOP after the beginning of the Class Period or whose accounts were transferred to a beneficiary (including an alternate payee), the Recordkeeper will establish an account for each such Settlement Class Member and shall follow the procedure set forth per Paragraph 8(b) of this Stipulation for the allocation of such account(s).

    d.  If any Settlement Class Member with a Final Dollar Recovery cannot be located despite reasonable efforts, such Settlement Class Member's Final Dollar Recovery shall be administered in accordance with the procedures of the ESOP regarding participants who cannot be located. If any Settlement Class Member with a Final Dollar Recovery is deceased, such Settlement Class Member's Final Dollar Recovery shall be administered in accordance with the procedures of the ESOP regarding deceased participants. If a Qualified Domestic Relations order is in effect which applies to a Participant, the procedures of the ESOP regarding Qualified Domestic Relations Orders shall apply. In all events the amounts for those items shall be subject to reduction for payment of approved Administration Fees as set forth herein.

    10.  Paragraph 8 of this Stipulation is subject to Bankruptcy Court approval, which the Trustee agrees to seek, using best efforts. The Trustee further agrees to seek expedited approval from the Bankruptcy Court of this Stipulation (i.e. subject to a shortened day objection / resistance deadline rather than the usual 21 day objection / resistance deadline). To the extent the Bankruptcy Court does not approve said Paragraph 7, the determination as to past incurred fees shall be submitted to the District Court.

11. The Parties agree that all provisions of the Settlement remain in effect and are unchanged, except as expressly stated in this Stipulation. In particular, the Parties agree and acknowledge that nothing in this Stipulation modifies or otherwise affects the rights, obligations, liabilities, or powers of the Defendants or the Carriers as stated in the Settlement.

REMBOLT LUDTKE, LLP

By: _____
Brian S. Kruse
1201 Lincoln Mall
Suite 102
Lincoln, NE 68508
Telephone: (401) 475-5100
bkruse@remboltlawfirm.com

Counsel for Rick D. Lange, Chapter 7
Bankruptcy Trustee of TierOne
Corporation

SQUITIERI & FEARON, LLP

By: _____
Stephen J. Fearon, Jr.
32 East 57th Street
12th Floor
New York, New York 10022
Telephone: (212) 421-6492
Facsimile: (212) 421-6553
stephen@sfclasslaw.com

FARUQI & FARUQI, LLP

By: _____
Jacob A. Goldberg
101 Greenwood Avenue
Suite 600
Jenkintown, PA 19046
Telephone: (215) 277-5770
Facsimile: (215) 277-5771
jgoldberg@faruqilaw.com

Class Counsel

SO ORDERED, this 28th day of February, 2013

_____
UNITED STATES DISTRICT JUDGE

7